**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF WISCONSIN
GREEN BAY DIVISION**

BRUCE LONG, individually on behalf of
himself and all others similarly situated,

            Plaintiff,

        vs.                         Case No. 1:18-cv-00943-WCG

MICHAEL C. KOEHN and, JOHN AND
JANE DOES NUMBERS 1 THROUGH 10,

            Defendants.

**PLAINTIFF'S UNOPPOSED MOTION FOR PRELIMINARY APPROVAL
OF CLASS SETTLEMENT AGREEMENT**

      Plaintiff, Bruce Long, individually, and as representative of the class of persons defined below in Paragraph 4(a) ("Settlement Class"), on consent of Defendant, Michael C. Koehn and Michael C. Koehn, S.C. ("Koehn"), requests the Court enter an order which (i) preliminarily approves the Class Settlement Agreement ("Agreement") attached as ***Exhibit A***; (ii) certifies for settlement purposes the Settlement Class as defined in Paragraph 8 of the Agreement; (iii) appoints STERN•THOMASSON LLP as Class Counsel; (iv) appoints Plaintiff as representative of the Settlement Class; (v) sets dates for Class Members to return a seek exclusion from, or to object to, the Settlement; (vi) schedules a hearing for final approval of the Agreement; (vii) approves the mailing of notice to Class Members in the form of <u>Exhibit 1</u> to ***Exhibit A***; and, (viii) finds that mailing of such notice satisfies the requirements of due process.

      In support of his Motion, Plaintiff respectfully states the following:

### I.    NATURE OF THE LITIGATION

On June 21, 2018, Plaintiff, individually and on behalf of a class, filed this lawsuit in the United States District Court for the Eastern District of Wisconsin, (the "Litigation"). [Doc. 1].

The Litigation alleges Koehn violated the Fair Debt Collection Practices Act (FDCPA), 15 U.S.C. § 1692, *et seq.* by mailing consumers initial collection letters to collect defaulted medical debts which stated a static amount as being the amount due even though the debts were accruing interest; Plaintiff also alleges the letters were mailed without meaningful attorney involvement. *Id.* Plaintiff alleges Koehn's foregoing collection letters violated 15 U.S.C. §§ 1692e, 1692e(3), 1692e(9), and 1692g(a)(1). *Id.*

On July 13, 2018, Koehn filed an Answer with Affirmative Defenses to the Complaint denying it violated the FDCPA, as well as denying all liability to Plaintiff and the Settlement Class. [Doc. 5].

On August 9, 2018, the Court conducted an Initial Conference at which time it entered its Scheduling Order governing deadlines in the Litigation [Docs. 8 and 9]. The Parties subsequently served their Fed. R. Civ. P. 26(a) Disclosures and commenced discovery.

Since the Initial Conference, the Parties have engaged in extensive arms-length discussions to resolve the Litigation, which ultimately culminated in an agreement to settle the claims of Plaintiff and Settlement Class as set forth in ***Exhibit A***.

Counsel for the Parties have investigated and analyzed the legal and factual issues presented in the Litigation, the risks and expense involved in pursuing the Litigation to conclusion, the likelihood of recovering damages in excess of those obtained through this settlement, the protracted nature of the Litigation and the likelihood, costs, and possible outcomes of one or more procedural and substantive appeals. Based upon counsels' review and analysis, the Parties have entered into the Agreement.

## II. SETTLEMENT TERMS

The Parties desire to settle and compromise the litigation on the terms and conditions embodied in the Agreement as follows:

**Certification of Settlement Class**. For the purposes of settlement, the Parties stipulate to the certification of the Settlement Class, which is defined as:

> All persons to whom Michael C. Koehn mailed an initial written communication to an address in the State of Wisconsin, between June 21, 2017 and July 12, 2018, which stated a static amount as being the amount due even though the debts were accruing interest

[*Exhibit A*, ¶8]. Koehn's business records indicate there are approximately 765 persons who fit within the class definition and, therefore, are in the Settlement Class. *Id.* at ¶9.

**Class Recovery**. Koehn will create a class settlement fund of $5,000.00 ("Class Recovery"), which a Third-Party Settlement Administrator ("Settlement Administrator") will distribute to each Class Member whose Class Notice is not returned as undeliverable and does not exclude him/herself from the Settlement. [*Exhibit A*, ¶¶ 10 and 11(a)]. Class Members will receive their *pro rata* share of the Class Recovery by check which will be void sixty (60) days from the date of issuance. *Id.*

- *Residual Class Recovery*. Any Class Recovery checks not cashed by the void date, along with any unclaimed funds remaining in the Class Recovery, will be disbursed in the following order: (i) to pay the costs associated with providing notice to Class Members and administering the Class Recovery; and (ii) any remainder donated as a *cy pres* award to one or more charitable organizations without any religious or political affiliations as directed by the Court. *Id.* at ¶11(d). Plaintiff proposes any *cy pres* award be designated to Legal Action of Wisconsin, who provides *pro bono* legal services provides free legal services to low-income people throughout the State of Wisconsin who would otherwise be denied justice without its help. *Id.*

**Plaintiff's Recovery**. Koehn shall pay $1,500.00 to Plaintiff for his statutory damages pursuant to 15 U.S.C. § 1692k(a)(2)(B), which also considers his services to the Settlement Class. *Id.* at ¶11(b).

**Attorneys' Fees and Costs**. In connection with Class Counsel's application for approval of attorney's fees and costs, the Parties stipulate that, if the Court grants the Final Order, then the Litigation is a "successful action" within the meaning of 15 U.S.C. § 1692k(a)(3) notwithstanding that Koehn does not admit liability. *Id.* at ¶12. As such, and subject to court approval, Koehn agrees Class Counsel shall be entitled to receive $20,315.00, which covers all fees and all expenses arising out of the Litigation. *Id.* The award of fees, costs, and expenses to Class Counsel shall be in addition to, and shall not in any way reduce, the settlement amounts provided to Class Members. *Id.*

**Notice to Class Members**. Within seven (7) days of entry of the Preliminary Approval Order, Koehn shall provide Class Counsel with a spreadsheet containing the names and last known mailing addresses of the Class Members, according to Koehn's business records. *Id.* at ¶20. Within 21 days of entry of the Preliminary Approval Order, the Settlement Administrator shall cause actual notice in the form of <u>Exhibit 1</u> to ***Exhibit A***, to be sent to Class Members using Koehn's foregoing spreadsheet. *Id.* The Settlement Administrator shall distribute the notice via any form of U.S. Mail providing address forwarding. *Id.* Each notice shall be sent with a request for forwarding addresses. *Id.*

**Class Members' Right to Opt Out or Object**. Any Class Member may choose to be excluded from the Settlement by opting out within the time set by the Court. *Id.* at ¶¶13 and 14. Any Class Member who opts out of the Settlement shall not be bound by any prior Court order or the terms of the Agreement. *Id.* Class Members may also object to the Agreement and, if they choose to do so, may appear and be heard at the fairness hearing. *Id.* at ¶¶13 and 15.

\*   \*   \*   \*

The FDCPA caps a class's recovery at 1% of a debt collector's net worth. 15 U.S.C. § 1692k(a)(2)(B)(ii). Based upon the confidential information Koehn provided to Class Counsel

during discovery and the nature of the claims alleged, the Parties believe the Agreement is fair and reasonable, and is in the best interest of the Settlement Class for the following reasons: (i) Koehn is paying more than the maximum amount of statutory damages that could be recovered under the FDCPA; (ii) each Class Member will receive a direct monetary benefit with no requirement to submit a claim form; and, (ii) each Class Member will receive direct mail notice advising of their right to obtain a monetary award, seek exclusion from, or object to the Settlement. *Id.* at ¶¶10, 11, 13-16, and 20. Thus, the Court should approve the Settlement.

### III. THE PROPOSED CLASS SATISFIES FED. R. CIV. P. 23

During the pendency of the case Koehn also disclosed information relevant to the requirements of Fed. R. Civ. P. 23, including the size of the putative FDCPA class, which the Parties have relied upon in reaching the Agreement and in bringing this motion. The proposed Agreement meets all the requirements of Rule 23.

A.   *Rule 23(a)(1) – Numerosity*

The Settlement Class, having approximately 765 members, satisfies the numerosity requirement of Rule 23(a)(1). Where the class numbers at least 40, joinder is generally considered impracticable. *Swanson v. American Consumer Industries*, 415 F.2d 1326, 1333 (7th Cir. 1969) (40 sufficient); *Clarke v. Ford Motor Co.*, 220 F.R.D. 568, 578 (E.D. Wis. 2004), *vacated on other grounds sub nom. Clarke ex rel. Pickard v. Ford Motor Co.*, 228 F.R.D. 631 (E.D. Wis. 2005).

B.   *Rule 23(a)(2) – Commonality*

Fed. R. Civ. P. 23(a)(2) requires that class members share a common question of law or fact. Commonality is satisfied when a common issue of law or fact is "capable of classwide resolution—which means that determination of its truth or falsity will resolve an issue that is central to the validity of each one of the claims in one stroke." *Wal-Mart Stores, Inc. v. Dukes*,

564 U.S. 338, 350 (2011). Common questions often arise where defendants have engaged in standardized conduct towards members of the proposed class. *Keele v. Wexler*, 149 F.3d 589, 594 (7th Cir. 1998); *Doster Lighting, Inc. v. E-Conolight, LLC*, No. 12-C-0023, 2015 WL 3776491, at *5 (E.D. Wis. June 17, 2015) (quoting *Suchanek v. Sturm Foods,* 764 F.3d 750, 756 (7th Cir. 2014) ("Where the same conduct or practice by the same defendant gives rise to the same kind of claims from all class members, there is a common question.").

Here, Class Members have identical legal claims based upon Koehn mailing identical collection letters to Plaintiff and each Class Member, which allegedly violated the FDCPA in the same manner by mailing consumers initial collection letters to collect defaulted medical debts which allegedly: (i) stated a static amount as being the amount due even though the debts were accruing interest; and (ii) lacked any meaningful attorney involvement. These claims all arise under a single statute—*i.e.*, the FDCPA.

C.  *Rule 23(a)(3) – Typicality*

The "typicality" requirement of Rule 23(a)(3) is satisfied for the reasons the "commonality" requirement of Rule 23(a)(2) is met. The Seventh Circuit has held that "[a] plaintiff's claim is typical if it arises from the same event or practice or course of conduct that gives rise to the claims of other class members and his or her claims are based on the same legal theory." *Keele*, 149 F.3d at 595 (Citation and internal quotation marks omitted.)

Here, typicality is inherent in the class definition. By definition, Koehn mailed Plaintiff and each Class Member the same *standardized* template letter which violated the FDCPA in the same manner. Thus, typicality is satisfied.

D.  *Rule 23(a)(4) – Adequacy of Representation*

Fed. R. Civ. P. 23(a)(4) requires that a named plaintiff provide fair and adequate protection for the interests of the class. That protection involves two factors: (a) a plaintiff's

attorney must be qualified, experienced, and generally able to conduct the proposed litigation; and (b) a plaintiff must not have interests antagonistic to those of the class. *Eubank v. Pella Corp.*, 753 F.3d 718, 722 (7th Cir. 2014); *Phillips v. Asset Acceptance, LLC*, 736 F.3d 1076, 1080-81 (7th Cir. 2013).

Both considerations are satisfied here. Plaintiff understands the obligations of a class representative and has retained experienced counsel—as indicated by the Declaration of Andrew T. Thomasson, which sets forth his counsel's qualifications. Further, Plaintiff and Class Members seek money damages pursuant to 15 U.S.C. §1692k as the result of Koehn's unlawful collection practices. Given the identity of claims between Plaintiff and Class Members, there is neither the potential for conflicting interests nor any antagonism between the interests of Plaintiff and Class Members.

### *E.     Rule 23(b)(3) – Predominance & Superiority*

Class certification is appropriate under Rule 23(b)(3) where (1) common questions of law or fact predominate over individual questions; and (2) a class action represents a superior method for the fair and efficient adjudication of the controversy. *Amchem Prods., Inc. v. Windsor*, 521 U.S. 591, 615 (1997). Class actions are especially appropriate for resolving FDCPA claims. *See, e.g., Crawford v. Equifax Payment Servs., Inc.*, 201 F.3d 877, 880 (7th Cir. 2000) ("Because these are small-stakes cases, a class suit is the best, and perhaps the only, way to proceed.").

Where, as here, Koehn engaged in *standardized* conduct by attempting to collect debts through a misleading template letter, each Class Member's claim is likely to be too small to vindicate through an individual lawsuit. On the other hand, as the Seventh Circuit has held, a class action is an efficient and effective way to obtain relief to individual class members. *Mace v. Van Ru Credit Corp.*, 109 F.3d 338, 344 (7th Cir. 1997). It is also highly unlikely individual class members are aware Koehn violated the law by attempting to collect debts using the letters

at issue, and unlikely to find an attorney to take the case as an individual case would be economically unfeasible. *Id*.

## IV. THE PARTIES' NOTICE PLAN

The Parties jointly request the Court set the following schedule for the Agreement:

(a) Class Notice (<u>Exhibit 1</u> to ***Exhibit A***) is to be mailed to Class Members within twenty (21) days of entry of the Preliminary Approval Order;

(b) Class Members shall have forty-five (45) days after the mailing of the notice to seek exclusion from, or object to, the Settlement. Any Class Members desiring to exclude themselves from the action must serve their request on the Settlement Administrator by the same date. Any Class Members who wish to object to the settlement must submit their objection in writing to the Clerk of the United States District Court for the Eastern District Wisconsin, and serve a copy on the Settlement Administrator, by the same date.

(c) A final hearing on the fairness and reasonableness of the Agreement and whether final approval shall be given to it and Class Counsel's request for fees and expenses will be held before this Court on a date at least ninety (90) days from the entry of the preliminary approval order.

If there is any conflict between any provision of this Motion and the Agreement, the Parties intend for the Agreement to control, subject to Court approval.

## V. CONCLUSION

**WHEREFORE**, the Plaintiff respectfully requests the Court enter an order in the form of <u>Exhibit 2</u> to ***Exhibit A***, which (i) preliminarily approves the Agreement; (ii) certifies for settlement purposes the Class as defined in Paragraph 8 of the Agreement; (iii) appoints STERN•THOMASSON LLP as Class Counsel; (iv) appoints Plaintiff as representative of the Settlement Class; (v) sets dates for Class Members to seek exclusion from, or object to, the Settlement; (vi) schedules a hearing for final approval of the Settlement; (vii) approves the mailing of notice and claim form to Class Members in the form of <u>Exhibit 1</u> to ***Exhibit A***, and (viii) finds the mailing of such notice satisfies the requirements of due process.

Respectfully submitted,

Dated: January 31, 2019

*s/Andrew T. Thomasson*
*Andrew T. Thomasson*
Francis R. Greene (WI Bar # 1115577)
Philip D. Stern (NJ Bar # 045921984)
Andrew T. Thomasson (NJ Bar # 048362011)
*Attorneys for Plaintiff, Bruce Long*
STERN•THOMASSON LLP
150 Morris Avenue, 2nd Floor
Springfield, NJ 07081
Telephone (973) 379-7500
E-mail: Philip@SternThomasson.com
E-mail: Andrew@SternThomasson.com
E-mail: Francis@SternThomasson.com