**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF WISCONSIN
GREEN BAY DIVISION**

BRUCE LONG, individually on behalf of
himself and all others similarly situated,

        Plaintiff,

        *vs.*                                     Case No. 1:18-cv-00943-WCG

MICHAEL C. KOEHN and, JOHN AND
JANE DOES NUMBERS 1 THROUGH 10,

        Defendants.

**FINAL APPROVAL ORDER AND JUDGMENT**

Upon consideration of the Parties' request for final approval of the Class Settlement Agreement ("Agreement") between Plaintiff, Bruce Long, individually and as representative of the class of persons defined below ("Settlement Class"), and Defendant, Michael C. Koehn ("Koehn"), the Court orders and finds as follows:

1.    This Court has jurisdiction over the subject matter of this lawsuit, Plaintiff, the Class Members, and Koehn.

2.    The following Settlement Class is certified, for settlement purposes only, pursuant to Fed. R. Civ. P. 23(b)(3):

> All persons to whom Michael C. Koehn mailed an initial written communication to an address in the State of Wisconsin, between June 21, 2017 and July 12, 2018, which stated a static amount as being the amount due even though the debts were accruing interest.

3.    This Court finds, based on the Parties' stipulations: (A) the Settlement Class as defined is sufficiently numerous such that joinder is impracticable; (B) common questions of law and fact predominate over any questions affecting only individual Class members, and included whether or not Koehn allegedly violated the Fair Debt Collection Practices Act (FDCPA), 15

U.S.C.§ 1692, *et seq*. by mailing consumers initial collection letters to collect defaulted medical debts which stated a static amount as being the amount due even though the debts were accruing interest, and which were allegedly mailed without meaningful attorney involvement; (C) Plaintiff's claim is typical of the Class Members' claims; (D) Plaintiff is an appropriate and adequate representative for the Class and his attorneys, Stern•Thomasson LLP, are hereby appointed Class Counsel; and (E) a class action is the superior method for the fair and efficient adjudication of the claims of the Settlement Class.

4. The Court approved a form of notice for mailing to the Settlement Class. The Court is informed that actual notice was sent by first class mail to 738 Class Members by Class-Settlement.com, the third-party settlement administrator ("Settlement Administrator"). A total of 45 envelopes were returned by the United States Postal Service, 18 of which were returned with forwarding addresses and successfully re-mailed. No Class Members requested exclusion from, or objected to, the Settlement.

5. On May 15, 2019, the Court held a fairness hearing to which Class Members, including any with objections, were invited. Excluded from the Settlement Class are those persons whose Notices were returned as undeliverable.

6. The Court finds that provisions for notice to the class satisfy the requirements due process pursuant to the Federal Rules of Civil Procedure, including Rule 23, the United States Constitution and any other applicable law.

7. The Court finds that the Settlement is fair, reasonable, and adequate and hereby finally approves the Agreement submitted by the Parties, including the Release and payments by Koehn. Upon the Effective Date, as that term is defined in the Agreement, Koehn shall:

    (a) Create a class settlement fund of $5,000.00, which Class Counsel through the Settlement Administrator will distribute *pro rata* to each Class Member whose Class Notice was not returned as undeliverable and who did not him/herself from the Settlement. Class Members will receive their share of

the Class Recovery by check, which shall become void sixty (60) days from the date of issuance. Any checks that have not been cashed by the void date, along with any unclaimed funds remaining in the Class Recovery will be disbursed in the following order: (i) to pay the costs associated with providing notice to Class Members and administering the Class Recovery; and (ii) any remainder donated as a *cy pres* award to Legal Action of Wisconsin.

(b) Pay Plaintiff $1,500.00.

(c) Pay Class Counsel $20,315.00 for their attorneys' fees and costs incurred in the action, which is based on their reasonable hourly rates and time expended in the litigation. Class Counsel shall not request additional fees or costs from Koehn or the Class Members.

8. The Parties grant the following releases:

(a) Plaintiff, including each and every one of his agents, representatives, attorneys, heirs, assigns, or any other person acting on his behalf or for his benefit, and any person claiming through him (collectively "Releasors"), releases and discharges Koehn, as well as his predecessors and successors in interest and present and former affiliates, subsidiaries, insurers, officers, directors, agents, employees, members, shareholders, general partners, limited partners, beneficiaries, representatives, attorneys, or assigns (in their respective capacities as officers, directors, agents, employees, members, shareholders, general partners, limited partners, beneficiaries, representatives, attorneys, or assigns for Koehn) (collectively, "Released Parties"), from all causes of action, suits, claims, or demands, in law or in equity, known or unknown at this time which Releasors now have or ever had against the Released Parties, or any of them, under any legal theory, whether or not alleged, related to or arising from matters that occurred from the beginning of time through the date of the Agreement.

(b) Each Class Member who did not exclude themselves from the Settlement hereby releases and discharges the Released Parties of all causes of action, suits, liability, and claims, including claims for the payment of attorney's fees and costs arising out of or related to Koehn's collection letter attached as Exhibit A to Plaintiff's Complaint [Doc. 1].

(c) Plaintiff and each Class Member DO NOT release any defense they may have with respect to the underlying debts Koehn was attempting to collect, including (i) whether any debt is in fact owed, (ii) the crediting of payments on any debt, or (iii) the proper reporting of any debts to credit bureaus.

(d) Koehn does NOT release its claims, if any, against Plaintiff or any Class Member for the payment of their alleged debts. The underlying debts Koehn sought to collect are unaffected by the Settlement. The Settlement does not

prevent Koehn from continuing to attempt to collect the debts allegedly owed by Class Members.

9. The Court finds the Agreement is fair and made in good faith.

10. The terms of the Agreement are incorporated into this Order. This Order shall operate as a final judgment and dismissal without prejudice of the claims in this action.

11. The Court finds, in accordance with Fed. R. Civ. P. 54(b), that there is no just reason for delay of enforcement of, or appeal from, this Order.

12. The Court retains exclusive jurisdiction to enforce the terms and provisions of the Agreement and this Order.

13. The Parties are hereby ordered to comply with the terms of the Agreement and this Order.

**SIGNED AND ENTERED** this 15th Day of May, 2019.

                                                                                     s/William C. Griesbach
                                                                                        WILLIAM C. GRIESBACH
                                                           Chief Judge, United States District Court